IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAVID LAWRENCE MINTER, | : |
| Plaintiff, | : |
| VS. | :     7:10-CV-10 (HL) |
| TED PHILBIN, Deputy Warden of Care and Treatment, Valdosta State Prison, | : |
| Defendant. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on December 3, 2009[1] (Doc. 1). Presently pending in this action are Plaintiff's Motion for the Appointment of Counsel and Defendant's Motion to Dismiss (Docs. 13, 14).

*Appointment of Counsel (Doc. 13)*

Plaintiff filed a Motion for the Appointment of Counsel on April 8, 2010 (Doc. 13). The Court takes notice that this motion was not accompanied by a proper certificate of service indicating service of the motion on the Defendant or on defense counsel. However, the docket does not show that an initial order was filed informing the *pro se* Plaintiff of his duty to serve copies of all motions, pleadings, discovery and correspondence upon opposing parties or counsel for opposing parties if they are represented, and to attach to said original motions and pleadings filed with the Clerk a certificate of service indicating who has been served, as well as where, when and how service was accomplished. Accordingly, the Court will not base its ruling on this

---

[1] The Complaint was filed in the Northern District of Georgia in 2009 under Case Number 4:09-CV-205. That action was terminated and transferred to the Middle District of Georgia on February 2, 2010 wherein it was assigned Case Number 7:10-CV-10.

motion on Plaintiff's failure to attach a certificate of service.

Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

***Motion to Dismiss (Doc. 14)***

Defendant filed his Motion to Dismiss stating, among other things, that the action should be dismissed due to Plaintiff's failure to exhaust all administrative remedies. Plaintiff alleges that the Defendant acted with deliberate indifference to Plaintiff's safety by failing to protect Plaintiff from a dangerous inmate (Doc. 1-2 at 10). At the time of the alleged incident, Plaintiff was housed at Valdosta State Prison ("VSP") in voluntary protective custody with inmate Taron Arnold. Plaintiff alleges that Defendant's failure to provide him with adequate protection resulted in Plaintiff being beaten by inmate Arnold and VSP officers on or about October 18,

2009.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA); *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise

procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendant's Motion and the Plaintiff's response reveals a conflict. Plaintiff maintains that he attempted to exhaust his administrative remedies by filing an emergency grievance at VSP dated September 14, 2009 in regards to Machese Ducote, but the grievance was returned to him with no appealable process. The Defendant contends that Plaintiff never filed any form of grievance regarding the claim underlying this lawsuit. Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offense of the Defendant. Defendant contends, and supports with the Affidavit from the Chief Counselor and Grievance Coordinator at VSP, that Plaintiff did not file a grievance regarding the alleged incident of October 18, 2009 involving Taron Arnold. The affidavit testimony in support of the

Defendant's Motion to Dismiss establishes the presence of a grievance system at VSP and establishes that the Plaintiff filed three (3) grievances while housed there (Doc. 14-2, Singleton Affidavit). However, none of Plaintiff's grievances related to the claims underlying this lawsuit.

Plaintiff and Defendant provided the Court with a copy of an emergency grievance dated September 14, 2009, submitted by Plaintiff to VSP. The grievance stated Plaintiff's life and safety were endangered by being assigned to the same prison as inmate Machese Ducote (Doc. 14-9). The grievance was returned to Plaintiff marked "rejected" as a non-grievable issue because the grievance requested a transfer to a different institution and a routing housing assignment (Doc. 14-9). This is the only grievance submitted to the Court relating to the safety of Plaintiff. This grievance does not contain any complaint of Defendant acting with deliberate indifference to Plaintiff's safety, nor does it mention any concern by Plaintiff about his life and safety in regard to any inmate other than Machese Ducote.

Plaintiff also submitted to the Court a letter he sent to Defendant inquiring into the status of his emergency grievance and stating that his life was endangered because he was in a cell with another inmate (Doc. 4-2). While the second issue in the letter relates to the alleged incident, Plaintiff failed to use the appropriate administrative procedures for filing a grievance as established by the Georgia Department of Corrections. The PLRA "requires proper exhaustion." *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.*

The Standard Operating Procedures for the Georgia Department of Corrections, which Defendant provided to the Court, state the inmate is provided with a three (3) step grievance process to remedy issues. Georgia Dep't of Corrections SOP IIB05-001 § VI. Plaintiff does not

refute Defendant's evidence that shows each inmate is informed about the grievance procedures upon his entry into custody (Doc. 14-2, Singleton Affidavit). Therefore, Plaintiff was administratively required to submit an informal grievance about the alleged endangerment to his life and safety. If the informal grievance was denied, he would have needed to submit a formal grievance and, upon denial of the formal grievance, submit an appeal, even if it was futile. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998) (holding that even when prison administrative procedures appear futile or inadequate, exhaustion remains a prerequisite to the filing of a civil rights action); Georgia Dep't of Corrections SOP IIB05-001 § VI; (Doc. 14-2, Singleton Affidavit). There is no evidence to show Plaintiff followed the grievance procedures regarding his claim against the Defendant.

Thus, the Court need not discuss Defendant's additional arguments for dismissal because the Plaintiff failed to exhaust all administrative remedies available to him. Accordingly, it is the recommendation of the undersigned that Defendant's Motion to Dismiss be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 27th day of January, 2011.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf